UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ZIMMER DUROM HIP CUP PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*Christine Brady v. Zimmer, Inc., et al.*<br>*Case No. 2:10-cv-03043* | Master Docket No. 09-4414 (SDW)(MCA)<br>MDL No. 2158 |

**PLAINTIFF'S MOTION FOR BIFURCATION AND SEPARATE JURIES
PER MDL TEXT ORDER DATED 4/16/2015 (DKT. 80)**

## I.   PRELIMINARY STATEMENT

Bifurcation of the trial on the issue of Statute of Limitations ("SOL") is neither appropriate nor feasible. Plaintiff believes that bifurcation of the trial is unnecessary because this Court will rule in Plaintiff's favor on the pending Motion for Summary Judgment as a matter of law. Furthermore, there is no reason to bifurcate, as empanelling one jury for the entirety of the evidence will not be unfairly prejudicial to either party. Finally, a bifurcated trial will not be in the furtherance of convenience as it will create a nightmarish schedule.

## II.   LEGAL STANDARD

"A district court has broad discretion to order separate trials of discrete issues or claims if the court finds that "bifurcation would be in the furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to

expedition and economy.'"[1] The decision of whether to bifurcate is made on a case by case basis and is subject to the informed discretion of the trial judge in each instance.[2] "'In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation."[3] Rule 42(b) suggests that bifurcation can be conducive to judicial expedition and economy. However, "separate trials could inevitably lead to additional discovery, more pre-trial disputes, empanelling a second jury, deposing or recalling the same witnesses and the potential for multiple, additional post trial motions and appeals."[4] Those probable consequences must be weighed and therefore, "bifurcation should be particularly compelling and prevail only in exceptional cases."[5]

---

[1] *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, CIV.A. 05-608-MPT, 2007 WL 2118795 (D. Del. July 24, 2007) (citing Fed. R. Civ. P. 42(b).).
[2] *Id*. (citing *Lis v. Robert Packer Hosp.,* 579 F.2d 819, 824 (3d Cir.1978).).
[3] *Id. ( citing In Re Innotron Diagnostics,* 800 F.2d 1077, 1084 (Fed.Cir.1986).)
[4] *Id. (citing Kos Pharmaceuticals, Inc. v. Barr Labs.,* 218 F.R.D. 387, 390 (S.D.N.Y.2003).)
[5] *Id*.

## III. ARGUMENT

### A. The pending Motion for Summary Judgment will be decided in Plaintiff's favor as a matter of law.

Plaintiff will not address the merits of the limitations issue pending before the Court. However, Plaintiff anticipates that this Court will decide the limitations issue in Plaintiff's favor as a matter of law. Indeed summary judgment is only proper when the moving party can establish "there is no genuine dispute as to any material fact" and is therefore "entitled to judgment as a matter of law."[6] Plaintiff does not feel that Defendants' have accomplished this goal in regards to the limitations issue. As, such there will be no need to bifurcate the trial.

### B. The evidence in this case can be presented to one jury.

Even if this Court does not decide the pending motion for summary judgment in Plaintiff's favor as a matter of law, bifurcation of this trial is not appropriate because it is not necessary. Plaintiff believes that all the evidence presented in this matter can be heard by one jury. Plaintiff does not anticipate that any evidence presented, hypothetically, during an SOL trial, would be unfairly prejudicial to either party. As such, there is no need to go through the trouble of empanelling two separate juries. The entirety of the issues involved in the case may be presented to one jury without the fear that any evidence will have a prejudicial effect on the outcome.

---

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (quoting Fed R. Civ. P. 56).

Plaintiff anticipates that Defendants will argue that Christine Brady's knowledge of the alleged accrual of her injury is based upon "prejudicial" conversations she had with her doctor. In these conversations, Dr. Shahrdar told Ms. Brady about the history of failures with the Durom cup and his opinion as to what has caused these failures and what caused the failure of the Durom cup in Ms. Brady. Plaintiff anticipates that Defendant will claim that these conversations are only admissible as to the limitations issue and are not admissible as to liability. First it should be noted that much of this testimony is subject to motions in limine on file with the Court. Thus, the issue of which testimony is admissible and for what purpose will be decided at the motion in limine stage. However, Plaintiff asserts that the necessary testimony is not so overly prejudicial as to require the expense and burden of empanelling two separate juries on this issue. Given the extensive testimony from both Ms. Brady and Dr. Shahrdar that exists regarding these conversations, the Court should be able to narrowly craft specific instructions and limitations that would allow a single jury to hear both the issues of liability and limitations. When compared to the burden and prejudice that two separate trials will have on Plaintiff and the Court the balance clearly weighs against bifurcation.

## C.     <u>**Bifurcation of the trial will create a scheduling nightmare.**</u>

Plaintiff opposes the bifurcation of the trial because it will create a scheduling nightmare[7]. Currently, Dr. Shahrdar is scheduled to testify in this matter on May 19, 2015. If the trial is bifurcated, however, Dr. Shahrdar would be required to testify at an earlier date during the Statue of Limitations phase. Additionally, Dr. Shahrdar would be required to return to testify a second time during the liability phase of the trial. Requiring Dr. Shahrdar to testify twice would place a tremendous strain on his work schedule. Indeed, Plaintiff is not certain that Dr. Shahrdar would have the ability to testify twice in this matter. It should be noted that Dr. Shahrdar has not been retained by Plaintiff in this case. He has graciously agreed to take time out of his busy schedule to testify on Plaintiff's behalf. Bifurcation of the trial would force Dr. Shahrdar to sacrifice two additional days from his work schedule and travel from Louisiana twice[8].

Similarly, bifurcation of the trial would have an effect on the testimony of Plaintiff's expert witnesses Dr. George Samaras and Dr. Roy Bloebaum and non-retained expert Dr. William Long. Currently, Dr. Samaras, Dr. Bloebaum and Dr.

---

[7] *See THK America Inc. v. NSK Co., Ltd.,* 151 F.R.D. 625, 631 (N.D.Ill.1993) (denying bifurcation where the parties had expended "enormous ... expense in terms of manpower, time, and money" in putting a "discovery network in place" aimed at a single trial).

[8] Defendant suggests that Plaintiff can rely upon the deposition testimony of Dr. Shahrdar for the statute of limitations issue. However, Plaintiff would be unfairly prejudiced by not being allowed to present the live testimony of Dr. Shahrdar on such a crucial issue. Plaintiff has the ability to bring Dr. Shahrdar live to testify in this case and believes that his live testimony is of critical importance to all issues in the case. Plaintiff should not be forced to present a portion of his testimony via video simply to accommodate an alleged prejudice to Defendant.

Long are scheduled to testify in this matter on May 8, 2015, May 13, 2015, and May 8, 2015, respectively. The previously mentioned dates are during the early stages of this trial. Undoubtedly, if this case were bifurcated, the testimony dates of Dr. Samaras, Dr. Bloebaum and Dr. Long will have to be rescheduled. As this Court may be aware, expert witnesses have tremendously demanding work schedules. At this late hour, it will be extremely difficult for Plaintiff to schedule new dates for these witnesses to provide testimony in this matter. Indeed, this nightmarish scheduling debacle makes bifurcation unfeasible. Furthermore, it would be unfairly prejudicial to Plaintiff if any these witnesses were not able to offer new dates to provide trial testimony.

## IV.   CONCLUSION

The probable consequences of bifurcation weigh in favor of having a single trial in this case. As discussed above, bifurcating the trial on the issue of Statue of Limitations is unnecessary because the pending Motion for Summary Judgment will be decided in Plaintiff's favor as a matter of law; it will unnecessarily require empanelling two juries; and it will create a scheduling nightmare. For all of these reasons, Plaintiff respectfully requests this court to deny Defendants' request to bifurcate the trial.

Dated:  April 21, 2015

                                                **WATERS & KRAUS, LLP**

*/s/ George Tankard, III*
_____
George G. Tankard III
315 N. Charles Street
Baltimore, MD  21201
(410) 528-1153
(410) 528-1006 (facsimile)
gtankard@waterskraus.com

### CERTIFICATE OF SERVICE

The undersigned certifies that on April 21, 2015, a copy of the foregoing was served on the following counsel of record via electronic mail:

        J. Joseph Tanner
        Stacy L. Prall
        Andrew L. Campbell
        John T. Schlafer
        FAEGRE BAKER DANIELS LLP
        300 North Meridian Street, Suite 2700
        Indianapolis, IN  46204-1750
        Telephone:  (317) 237-0300
        Facsimile:  (317) 237-1000  joe.tanner@faegrebd.com
        andrew.campbell@faegrebd.com
        john.schlafer@faegrebd.com

        and

        Edward J. Fanning
        Zane Riester
        MCCARTER & ENGLISH, LLP
        Four Gateway Center 100 Mulberry Street
        Newark, NJ  07102
        Telephone: (973) 622-4444
        Facsimile:  (973) 626-7070  efanning@mccarter.com
        zriester@mccarter.com

*/s/ George Tankard, III*
George G. Tankard III