<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CHRISTINE BRADY, | : : : | |
| Plaintiff, | : : | Civil Action No. 10-3043 |
| v. | : : | **OPINION** |
| ZIMMER, INC., ET AL., | : : | May 4, 2015 |
| Defendant. | : : : : | |

**WIGENTON**, District Judge.

Before this Court is Defendant Zimmer, Inc., et al.'s ("Defendant" or "Zimmer") motion in limine for an order barring Christine Brady ("Plaintiff") from introducing evidence at trial related to the alleged risk of Durom Cup loosening that post-dates August 23, 2006 ("Motion"). This Court heard oral argument on this Motion on April 23, 2015.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391.

For the reasons set forth below, Defendant's Motion will be **GRANTED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

As this Court writes primarily for the parties, only a brief discussion of the factual background and procedural history is provided.[1]

---

[1] The facts and background information referred to herein are taken from the Statements of Facts submitted in this matter for summary judgment motions.

1

Plaintiff alleges that the Durom Cup implant, manufactured by Defendant, used in her right total hip replacement surgery was defective. On August 23, 2006, Plaintiff initially had the Durom Cup implant surgery. About six months later, Plaintiff began experiencing "a gradual increase in pain." After some communication with her doctor's office, during an August 19, 2008 visit, Dr. Shahrdar took x-rays of Plaintiff's hip and explained that a gap between the cup and her pelvic bone indicated a loosening of the Durom Cup. On December 16, 2008, Dr. Shahrdar told Plaintiff that the Durom Cup had failed to adhere to the bone and that a revision surgery would be necessary. On April 8, 2009, Plaintiff had surgery to replace her right hip implant.

In 2007, Defendant began receiving complaints about the Durom Cup from a physician, Dr. Lawrence Dorr. From December 2007 to July 2008, Defendant conducted an investigation regarding the Durom Cup loosening. Defendant revised its training of surgeons and suspended sales of the Durom Cup in the United States between July 22, 2008 and August 16, 2008.[2]

On March 8, 2010, Plaintiff filed a Complaint in the U.S. District Court for the Eastern District of Texas for the following claims: (1) strict liability failure to warn; (2) violation of the Louisiana Products Liability Act; (3) negligence; (4) negligent misrepresentation; (5) breach of implied warranty; and (6) redhibition under Louisiana law against Zimmer, as manufacturer of the Durom Cup. Plaintiff alleges that Defendant is liable to her for damages for the design and manufacture of a defective and unreasonably dangerous product. On June 15, 2010, an order was entered for interdistrict electronic transfer to the District Court of the District of New Jersey. On June 17, 2010, this matter became associated with the current MDL 2158 pending before this Court. This matter is scheduled for trial to begin on May 6, 2015.

---

[2] Ultimately, Defendant withdrew the Durom Cup from the market in December 2010.

2

**LEGAL STANDARD**

A motion in limine is designed to narrow evidentiary issues for trial and to eliminate unnecessary interruptions during trial. *Bradley v. Pittsburgh Bd. Of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). The purpose of a motion in limine is to bar "'irrelevant, inadmissible, and prejudicial' issues from being introduced at trial, thus 'narrow[ing] the evidentiary issues for trial[.]'" *Id.*; *Leonard v. Stemtech Health Sciences, Inc.*, 981 F.Supp.2d 273 (D.Del. 2013). However, "[t]he Federal Rules of Evidence embody a 'strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact.'" *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) (quoting *DeLuca v. Merrell Dow Pharm., Inc.*, 911 F.2d 941, 956 (3d Cir. 1990)).

**DISCUSSION**

Defendant argues that any after-the-fact knowledge or conduct by Zimmer with regard to the alleged risk of the Durom Cup loosening after the Plaintiff's implant surgery in August 23, 2006, qualifies as a subsequent remedial measure, and that such evidence is not admissible pursuant to Evidence Rule 407. Further, Defendant contends that evidence of the risk of the Durom Cup loosening, and any knowledge or actions taken by Zimmer related to any such risk, from any time after Plaintiff received her Durom Cup (Defendant's asserted "event" date) is irrelevant to any of Plaintiff's claims and would otherwise be unfairly prejudicial to Zimmer.[3]

"When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court

---

[3] Defendant requests that this Court exclude evidence under 401, 402, 403, and 407 for relevancy and prejudice.

3

may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407. Rule 407 prohibits the use of evidence of subsequent remedial measures to show negligence or culpable conduct. Rule 407 has been amended to provide that evidence of subsequent remedial measures may not be used to prove "a defect in a product or its design, or that a warning or instruction should have accompanied a product." *Kelly v. Crown Equipment Co.*, 970 F.2d 1273, 1275 (3d Cir. 1992) (affirming the district court's exclusion of post-manufacture, pre-accident design evidence pursuant to Rule 407); *see also Wolf by Wolf v. Procter & Gamble Co.*, 555 F.Supp. 613 (D.N.J.1982).

Exclusion is required if evidence of subsequent remedial measures is offered as proof of negligence or culpable conduct; however, it is allowable for other purposes such as showing ownership or control, the existence of duty, and viability of precautionary measures, if controverted, and for impeachment. *See* Fed. R. Evid. 407; N.J.R.E. 407. Federal Rule of Evidence 407 bars the admission of evidence of remedial measures taken after an event that would have made the event less likely to occur.

"The 'event' referred to in the Rule is the accident which caused plaintiff's damages, not the date the instrumentality which caused the accident was manufactured or distributed or came into plaintiff's hands." *Dixon v. Jacobson Mfg. Co.*, 270 N.J. Super. 569, 587 (App. Div.), cerfit. den. 136 N.J. 295 (1994); *Molino v. B.F. Goodrich Co.*, 261 N.J. Super 85, 102 (App. Div. 1992), certif. den. 134 N.J. 482 (1993).

In this instance, Defendant asserts that this Court should use August 23, 2006, the date Plaintiff received her Durom Cup, as the "event" date for the discussion on remedial measures. Plaintiff argues that the Court should use April 8, 2009, when Plaintiff had her revision surgery as the "event" date. Plaintiff started having problems and experiencing pain some time after her

implant surgery. However, Plaintiff's suggested date of the April 8, 2009 revision surgery does not take into account the remedial actions of Defendant, and the revision surgery is not what caused Plaintiff's alleged harm and damages.

Defendant was allegedly made aware that there were issues with the Durom Cup when Dr. Dorr began complaining to Defendant about failures with the Durom Cup implants in July 2007. Between approximately December 2007 and July 2008, Defendant conducted an investigation regarding the loosening of the Durom Cup. Defendant concluded that additional training of surgeons was necessary and suspended sales of the Durom Cup between July 22, 2008 and August 16, 2008. Ultimately, Defendant withdrew the Durom Cup from the market in December 2010.

Subsequent remedial measures taken after the August 23, 2006 implant surgery are not relevant to the claims at issue in the matter, and may not be used as proof of negligence or culpable conduct. As such, this Court will bar evidence of Defendant's actions after August 23, 2006, to the extent that those actions were remedial.[4]

**CONCLUSION**

For the reasons set forth above, this Court **GRANTS** Defendant's Motion. An order consistent with this opinion follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:   Clerk
cc:     Parties
        Judge Mannion

---

[4] Evidence that satisfies an exception to Rule 407 may be permitted.